IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY ALEXANDER,         Petitioner,    v. RONALD DAVIS, Warden,         Respondent. | No. C 19-2596 WHA (PR)  **ORDER GRANTING MOTION TO DISMISS**  (Dkt. No. 10) |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition because it is a second or successive petition. Because this issue can be readily decided based upon the petition, the motion, the court dockets, and other court records, there is no need for an opposition or a reply brief.

A second or successive petition may not be filed in this court unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). This requirement is jurisdictional. *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (per curiam). In 1999, petitioner filed a habeas petition in federal court challenging a 1992 state court judgment sentencing him to 20 years to life in state prison. *See Alexander v. Newland*, No. C 99-3117 WHA (PR). The petition was denied on its merits in 2005, and affirmed on appeal in 2006, *see Alexander v. Newland*, No. 05-16222.

The instant petition challenges the same judgment. Petitioner has not, however, sought or obtained the necessary authorization from the United States Court of Appeals for the Ninth

Circuit to file a second or successive petition under Section 2244(b)(3)(A). Therefore, this is a second habeas petition that must be dismissed until petitioner obtains the necessary authorization from the Court of Appeals.

The motion to dismiss is **GRANTED**, and the petition is **DISMISSED** without prejudice to refiling if petitioner obtains authorization from the Court of Appeals to file a second or successive petition.

No certificate of appealability is warranted in this case because a reasonable jurist would not find the dismissal of this petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 9, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE